UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAMIR HALABI, *et al*,

    *Plaintiffs*,

v.

TELEXFREE, INC., *et al.*,

    *Defendants*.

Civil Action No. 17-920

**ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of a motion for default judgment as to all defendants filed by *pro se* Plaintiff Samir Halabi (D.E. 24); and it

**APPEARING** that Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against itself. Fed. R. Civ. P. 55; and it further

**APPEARING** that entry of default judgment is a two-part process; "default judgment may be entered only upon the entry of default by the Clerk of the Court." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Further, Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); and it further

**APPEARING** that Plaintiff has not requested that the Clerk of the Court enter default as to any Defendant in this matter. Because "entry of default by the Clerk under Federal Rule of

Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)," Plaintiff's present motion is procedurally improper. *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008); and it further

**APPEARING** that at least one Defendant, James M. Merrill, has answered Plaintiff's amended complaint (D.E. 22), another Defendant, the United States, alleges that it has not been properly served (D.E. 21 at 2), and it does not appear that any other Defendant in this matter has been served. Consequently, the Clerk of the Court would not enter default as to any Defendant even if requested to do so. *See, e.g., Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210, at *2 (D.N.J. May 1, 2012) ("[T]he Clerk of the Court must enter the defendant's default after the properly served defendant has failed to plead or otherwise defend himself."). Accordingly, for good cause shown,

IT IS on this 9th day of November, 2018

**ORDERED** that Plaintiff's motion for default judgment (D.E. 24) is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.